## Case No. 16,975.

### The VIRGO.

[7 Ben. 495.] [1]

District Court, E. D. New York. Nov.. 1874. [2]

COLLISION OFF THE JERSEY COAST—SCHOONER AND STEAMER—IMPROPER CHANGE OF COURSE —FAILURE TO STOP.

1. A schooner, coming up the Jersey coast towards New York. came up into the wind and hove her lead, on seeing a light which proved to be the masthead light of the steamer Virgo coming down; the schooner thus showed a red light to the steamer and the steamer ported her helm to go astern of the schooner. The schooner then filled away again, directly across the new course of the steamer and a collision resulted. *Held,* that the schooner was in fault, no necessity for heaving the lead or changing her course, when the steamer was approaching, being shown.

2. The steamer was not in fault for not stopping when the schooner changed her course, the responsibility of stopping or going ahead being forced upon her by the false manœuvre of the schooner.

[Cited in The Iron Chief, 53 Fed. 511.]

In admiralty.

Scudder & Carter, for libelants.
Sherwood & Howland, for claimants.

BENEDICT, District Judge. This action is brought to recover damages for injuries sustained by the schooner Speculator in a collision with the steamship Virgo, which occurred off the Jersey coast. on the night of the 11th of September, 1872. The steamer was at the time bound to the southward from the port of New York. The schooner was bound from San Blas to the port of New York. At the place of collision the Delaware light ship bore west by south, about 20 miles distant. The wind was easterly a good breeze; the night somewhat dark. The course of the steamship was south by west half west. The schooner was upon her starboard tack, sailing close-hauled upon the wind.

The evidence, although somewhat meagre and characterized by the absence of the testimony of important witnesses, discloses clearly that. when the steamship came within seeing distance of the schooner's lights, the schooner was displaying towards the steamship a red light. It

is supposed by the advocate of the schooner, and no doubt correctly, that this was owing to the fact that the schooner came up into the wind at the time the masthead light of the steamship was seen, when the lead was thrown, because, as the mate says, he thought. the light might be a light on shore. The steamship, of course, could not know what was transpiring on board the schooner, and her right as well as her duty was to act upon the assumption that the course of the schooner was correctly indicated by the red light. which she displayed towards the steamship. The course thus indicated by the schooner's light, was across the course of the steamship from starboard to port. The steamship, naturally and properly, therefore ported to pass astern of the schooner, and she would, by this means, have avoided her had the direction indicated by the red light been maintained. But the schooner, after heaving the lead, filled away again upon the wind, and then presented her green light to the steamship, taking a course directly across the course which the steamship had taken upon seeing the red light. Such action on the part of a sailing vessel, in the presence of a steamship in the night, is negligence. No good reason is seen for heaving the lead when it was done, and, if such necessity existed, and it was also necessary to come into the wind for that purpose, it was not necessary, but highly improper, again to fill away across the course of a steamship then approaching, whose course was plainly visible. I have no difficulty, therefore, in holding the schooner in fault. The only question in the case is, whether the steamship was not in fault for not stopping in time to allow the schooner to cross her bows, notwithstanding the fault of the schooner in being upon that course. No effort was made to stop the steamer until the blow, but the evidence does not convince me that this was a fault. It is not shown that the distance between the vessels. at the time the schooner filled away, was sufficient to enable the steamship to avoid her by stopping. The sudden change of the schooner's direction cast upon the pilot of the steamship the responsibility of instantly deciding whether he would be most likely to clear her by going ahead or by stopping. Upon the evidence I cannot say that it was then possible to avoid her in any way; and if it could now be seen that the schooner would have been cleared by a few feet, had the steamship stopped instead of going ahead, I should still be unwilling to hold the steamship responsible for an error of judgment in a determination thus forced upon her by a false manœuvre on the part of the schooner. I must, therefore, dismiss the libel, and with costs.

[On appeal to the circuit court the judgment of this court was affirmed. Case No. 1,831.
[For a decision granting libellants' motion to file new security for value, in the circuit court. see Case No. 16,976.]